KING and MEAD *against* MARY PADDOCK.

*ASSUMPSIT* for goods sold and delivered, tried before Mr. Justice *Van Ness,* at the *New-York* sittings, in *June,* 1819.

The declaration contained the common counts for goods sold and delivered, and the defendant pleaded *non assumpsit,* with notice that she should give evidence of her *coverture.*

At the trial, the plaintiff proved, that he sold and delivered against his wife (as a *feme sole,*) *twelve years* after the departure of her husband.

Where a married man sailed in a vessel from *New-York,* on a voyage to *South America,* and neither he nor the vessel had ever been heard of since, this was held to be sufficient evidence of his death, on a plea of *coverture,* in an action brought

The plaintiff sold to the defendant a quantity of leghorn hats of certain qualities, for a certain price, and engaged to deliver extra crowns to match those delivered, free of charge, but the crowns sent did not match, whereby the defendant sustained a loss : *Held,* that though the defendant had not returned, or offered to return the hats, she might, in an action brought against her, nevertheless, insist on a deduction of the price originally agreed to be paid, in proportion to the diminished value of the article.

vered to the defendant, in *April*, 1817, fifty-eight *Leghorn* hats, at 27 dollars each, amounting to 1,566 dollars. The defendant produced the bill of parcels, dated the 26th of *April*, 1817, in which the hats were numbered from 38 to 60, and at the foot of it was a memorandum that the sale was at 2, 3, and 4 months' credit, and the extra crowns to be delivered as soon as they shall arrive, free from any charge.

The defendant offered to prove, that it was part of the contract, that the extra crowns, which were to be delivered according to the above memorandum, were to match those already delivered, that is, to be equal, or superior in size and fineness ; that in *August*, 1817, the plaintiffs sent to the defendant the extra crowns, which would not match a higher number than 46, which is a low number, and were of different qualities. That the first parcel was received by the defendant on *Saturday* ; and that relying on the assurances of the plaintiffs, that the extra crowns would soon be received, the defendant, on *Monday* following cut up all the flats, except two, and the half rims, to which the extra crowns would belong, were numbered and laid aside. That the fine hats, without the extra crowns to match, would not sell for half their value, and that the fronts alone could hardly be sold for any price. That the hats were always sold with double crowns, so that, from one of them, two hats were made. That the defendant, though she made the first payment after the extra crowns were sent to her, told the plaintiffs she would pay no more until she was compensated, and that the reason why she did not return the hats was, that they had been cut up, in expectation of receiving the extra crowns to match them.

This evidence was overruled by the Judge. To prove the coverture of the defendant, her mother testified, that she married *Reuben Paddock;* that she last saw her husband about twelve years ago. That he was a master of a vessel, and sailed from *New York* at the time of *Miranda's* expedition, on a trading voyage to *South America*, intending to return ; but neither the defendant, nor any other person, to the knowledge of the witness, had ever heard of him, nor

of the vessel in which he sailed, nor of any of the crew, since they sailed from *New-York.*

The Judge left the fact of coverture to the jury; but charged, that the evidence afforded a presumption of the death of the defendant's husband, which was not to be resisted, and that they ought to find a verdict accordingly. The jury found a verdict for the plaintiffs, for the balance of their account, with interest.

A motion was made to set aside the verdict, and for a new trial.

*Anthon,* for the defendant. He cited, 1 *Campb. N. P. Rep.* 190. 2 *East's Rep.* 312.

*T. A. Emmet,* contra. He cited 7 *East's Rep.* 479.

SPENCER Ch. J. delivered the opinion of the Court. The objection made at the trial, that the defendant was a *feme covert,* was totally unsupported by proof. The long and continued absence of *Reuben Paddock,* from the *United States,* without any account of him for twelve years, under the circumstances of this case, furnished an irresistible presumption, from analogy to the statute of bigamy, and the statute concerning leases determinable upon lives, that he was dead. In the present case, the jury were authorised to presume his death in a much shorter period. The facts justified them in presuming *Paddock's* death, by the foundering or wreck of the vessel in which he left *New York.* The presumption does not rest merely on the fact of his not being heard from, but from the vessel never being heard of, nor any part of the crew. The language of the judge could not be too strong in regard to the fact of *Paddock's* death, and there was nothing for the jury to deliberate on.

On the second ground, we are of opinion, (and in this the judge who tried the cause concurs,) that the defence set up ought to have been gone into, with a view to the reduction of the amount claimed, and that the defendant was not driven to her cross action. We know of no case, in which there is an omission to return the article agreed to be sold, which precludes the defendant from contesting the

ALBANY,
August, 1820.

KING
v.
PADDOCK.

price, on the ground that it was not returned to the vendor; excepting the cases of conditional sales, where the thing about to be sold is taken on trial, with liberty to the vendee to return it, if he dislikes it, in a limited period. We are, also, of the opinion, that the point whether the defendant could rescind the contract of sale, does not arise. The defence proceeded, on the ground that the defendant was liable only to pay what the hats were worth, considering that a circumstance essential to their value, and which the plaintiffs by the terms of the contract were bound to supply, had not been supplied. The substance of the contract of sale was this : the plaintiffs sold the defendant fifty-eight leghorn hats, of particular numbers, denoting their fineness, together with an equal number of extra crowns to match the hats delivered, for $1,566. A parcel of the goods sold were delivered, but the extra crowns were not delivered. The extra crowns actually delivered did not match the hats sold, and of this immediate information was given to the plaintiffs, and all redress was denied. It cannot be doubted that the defendant sustained a loss, from the circumstance that the extra crowns did not match the hats, first delivered ; and so far we are of opinion the defendant was entitled to a deduction proportioned to the diminished value, from the price originally agreed upon. Here the defence did not operate as a surprise on the plaintiffs. They well knew that this very point was intended to be insisted upon, and therefore no notice was necessary, (*Beecker and Beecker* v *Vroman*, 13 *Johns*. 302.)

A new trial must, therefore, be granted, with costs to abide the event of the suit.

New trial granted.