JOHN D. THOMAS, PLAINTIFF IN ERROR, V. SYLVIA E. THOMAS, DEFENDANT IN ERROR.

**Divorce on Ground of Former Husband Living**: EVI-DENCE: PRESUMPTION OF DEATH. In order to raise the presumption of death by an absence of seven years it must be shown that the party alleged to be dead has been absent from his usual place of resort for more than seven years, and that during that time he has not been heard from by those who would naturally do so. An instruction which directs the jury " if defendant has satisfied you by a preponderance of evidence that each of said former husbands left her and that she has never heard from either for more than seven years at the time of her marriage with the plaintiff you may find, if so satisfied, that both of said former husbands were dead, unless you are satisfied from a fair preponderance of all the evidence that either of them were then living," *Held,* Erroneous, under the facts of the case as shown by the testimony.

ERROR to the district court for Douglas county. Tried below before DAVIDSON, J., of the first district, sitting for the judges of the third district.

*C. A. Baldwin,* for plaintiff in error.

*Redick & Redick,* for defendant in error.

REESE, J.

This action was instituted by the plaintiff in error asking that a marriage contract entered into between him and the defendant in error be declared null and void for the reason that at the time of the marriage the defendant in error had a husband living and from whom she was not divorced. The answer among other things denies the allegation of the petition and alleges that at the time of the marriage the husband referred to was dead. The issues were tried to a jury who found in favor of the defendant,

and the action was then dismissed and the plaintiff brings the case to this court on error.

We have examined the case with all the care we could, and have given it all the time at our command and with one exception we find the proceedings regular. But as the record is very voluminous we must refrain from discussing all, or even any portion of the questions involved, with the exception referred to.

The defendant in error admitted having been twice married prior to her marriage to the plaintiff in error. . The first of those marriages was to one Orsen Nickerson. There is little if any question relative to his death prior to her marriage to plaintiff in error and no further attention need be given to that part of the case.

The name of her second husband was Samuel Price. No proof of his death was made, but the defendant in error relies upon the presumption of his death arising from his being absent and not heard from for more than seven years prior to her marriage to plaintiff in error.

The testimony shows that the plaintiff and defendant were married on the first day of September, 1875, in Omaha. The testimony of defendant in error shows that she was married to Price in 1866 or 1867, and resided with him until the following year in Wisconsin, when he left her. That year or the next she removed to near Iowa City, Iowa. Her daughter, Mrs. Behen, testified that she knew Price, that her mother lived with him as her husband at Iowa City, she thinks in 1869. That her mother removed from Iowa City to some other point, she is unable to remember the name, being young at the time, and from there to Osceola, Iowa, and from there to Omaha, in April, 1873.

The first instruction given to the jury by the court and which appears to have been excepted to by the plaintiff, is as follows:

"You have been called to pass upon certain questions of fact involved in this cause, which have been reduced to

writing and are herewith submitted to you. In passing upon these questions of fact you are to consider all the evidence admitted on behalf of both parties. In addition to the instructions given as asked by the parties, the court further instructs you that in the absence of any admissions in the pleadings on the part of the defendant, the marriage entered into by plaintiff and defendant is presumed to have been a valid, lawful, and binding one, and the plaintiff would have been required to have overcome this presumption by proof, or fail as to the allegations of his petition. But defendant admits in her answer that prior to her marriage with plaintiff she was married to two different husbands at different times. This admission devolves on her the burden of the proof as to the fact of the death of, or divorce from, both of said former husbands. No proof on behalf of defendant as to a divorce from either has been admitted in evidence, so your consideration of this matter will be confined to the question of whether both former husbands were dead at the time of the marriage between plaintiff and defendant. If defendant has satisfied you by a preponderance of the evidence that each of said former husbands left her, and that she had never heard from either for more than seven years at the time of her marriage with plaintiff, you may find, if so satisfied, that both of said former husbands were dead, unless you are satisfied from a fair preponderance of all the evidence that either of them were then living."

Our attention is called to that part of this instruction which tells the jury that if *the defendant* had not heard from her husbands for more than seven years at the time of her marriage to the plaintiff the jury might find that they were dead. As we have seen, she did not remain either in Wisconsin, where she last saw Nickerson, or in Iowa, where she last saw Price, until the expiration of the seven years; but removed out of the community and out of the states where they last resided. For aught that

appears by the testimony, both of those men may have returned to the places where they formerly resided, and may have been residing there at the time of the trial, in blissful ignorance of her whereabouts.    We think, neither the instruction nor the evidence in the case goes far enough to raise the presumption of death.    It is not enough that she has not heard from them—especially when the testimony shows that she has placed herself in a position in which she would not be likely to hear from them—but it must be shown that they have not been heard from by those who would naturally do so, and that they have been absent from their usual places of resort.    Those who would naturally do so would be those who are nearly related to them, or were upon relations of friendship with them, and remained at or near the place where they last resided.    No effort has been made by defendant to ascertain anything as to their whereabouts from the day they went away from her, if they did so.    See Wharton on Evidence, § 1274.    2 Best on Evidence, § 409.

For these reasons the verdict of the jury must be set aside and a new trial ordered.

REVERSED AND REMANDED.

THE other judges concur.