EDWARD B. FREDERICK, PLAINTIFF IN ERROR, V. MARTIN BALLARD, DEFENDANT. IN ERROR.

1. **Instructions.** An instruction to a jury, given in language which is capable of two interpretations, the one correct in point of law, and the other incorrect, and which may have misled them to the prejudice of the complaining party, is a misdirection, for which the judgment will be reversed.

2. **Witnesses:** CONCLUSIONS OF, INADMISSIBLE. The rulings of the district court sustaining objections on the part of the plaintiff to certain questions put to witnesses upon their examination in chief, which questions called for conclusions, and not for facts, sustained.

3. **Depositions.** The rulings of the district court denying the objections of the defendant to certain depositions, on the ground that the deponents did not disclose the ground or source of their knowledge of the facts to which they deposed, and the defendant being present by counsel, failed to cross-examine said deponents, upheld.

4. **Witnesses:** CROSS-EXAMINATION. The defendant having put a question to a witness, on cross-examination, on a subject col-

lateral to the issue, for the purpose of testing the accuracy of his memory or his truthfulness, is concluded by his answer, and cannot call a witness to contradict him.

5. Practice in Supreme Court. Papers in a case, not a part of the record proper, can only be considered by this court in cases brought to this court on error, or by appeal, when the same are embodied in a bill of exceptions.

6. Records. Affidavits other than the verifications of pleadings constitute no part of the record proper.

ERROR to the district court for Washington county. Tried below before NEVILLE, J.

*L. W. Osborn*, for plaintiff in error.

*Martin Ballard* and *George W. Doane*, for defendant in error.

COBB, CH. J.

It appears from the pleadings, that the plaintiff in the court below purchased and obtained by verbal assignment from one Samuel M. Wright, a certain claim which the said Wright held against the defendant below, plaintiff in error, in this court. This claim grew out of the purchase by Frederick, plaintiff in error, of a lot of hogs from the said Wright. These hogs were bought while on the premises of Wright, but were to be delivered to Frederick at his place near Blair; but there is a radical conflict between the parties, both in their pleadings and evidence as to whether the hogs were to be delivered at the said point as a part of the consideration for which the gross sum or price of three hundred and eighty-five dollars was to be paid, or whether the price of the hogs as agreed upon was three hundred and sixty-five dollars, the hogs to be considered delivered at the time and place of the verbal contract, and the additional twenty dollars to be paid as the price of hauling the hogs to Blair as on an independent contract.

There is no dispute as to the delivery of the principal part of the hogs, or of the payment by Frederick to Wright of three hundred dollars of the purchase money before the sale of the claim by Wright to the plaintiff below. But it is claimed by Frederick, both in his pleadings and in his evidence, that Wright failed to deliver three of the large hogs constituting this purchase, and which he testified, when on the stand as a witness in his own behalf, were worth fifteen dollars each. Also that it was a part of the said contract of purchase between the defendant and said Wright, and a part of the consideration thereof, that he, the said Wright, would properly care for two sows, the same being a part of said purchase of hogs, and then being heavy with pig, until their delivery to the said defendant, and that in the event of either of the said sows being delivered of pigs before the same were delivered to the defendant, he, the said Wright, would properly care for and protect the same, and that when old enough he would deliver the same, together with the sows, to the defendant. But that prior to the time of said delivery to the defendant, and while in the possession of said Wright, one of said sows was delievered of her pigs to the number of about ten, and that in violation of his said agreement the said Wright negligently and carelessly allowed said pigs to be destroyed, and wholly failed and neglected to deliver any of said pigs to the defendant, to his damage in the sum of $25.00.

It further appears from the pleadings and evidence in the case, and the admissions of the parties in open court, as shown by the bill of exceptions, that on the 27th day of July, 1881, one David Conchman had a judgment against the said Samuel M. Wright, standing on the docket of the district court of Washington county in full force; that on that day process of garnishment was issued on said judgment and served on the plaintiff in error, that he appeared and answered as such garnishee in the said cause, and that

38

thereupon the said court made and entered an order requiring him, the said E. B. Frederick, to pay into court the sum of forty dollars as such garnishee.

The issues then before the district court in this case were: 1. What balance was due to Wright from Frederick on the sale and delivery of the hogs at the time of the sale and assignment of the claim by Wright to the plaintiff below? 2. Was the sale and delivery of the claim by Wright to plaintiff prior, in point of time, to the service of the process in garnishment on Frederick? There was evidence on both of these issues before the jury, proper for its consideration, and if the law was correctly given to the jury by the court, and there is evidence to sustain their verdict, it cannot be disturbed.

But it is contended by plaintiff in error that the law was not correctly given to the jury in the charge of the court, and that by it they were misled to his prejudice.

The instructions complained of are as follows: " 4. You are instructed that if you are satisfied from the evidence that Wright, on the 21st day of July, assigned to the plaintiff all his interest in his claim against the defendant, then you must find for the plaintiff to the extent that said defendant was indebted to said Wright.

" 4½. You are instructed that it makes no difference that all of the hogs had not been delivered at the time of the assignment to Ballard, the assignment is good notwithstanding, and conveyed to Ballard all rights which Wright would have had when all the hogs should be delivered.

" 5. Should you find from the evidence that the plaintiff did not receive an assignment of said claim against defendant until after the service of the garnishment writ, then the plaintiff cannot recover in this action."

The instruction numbered four and a half cannot be sustained.

There was evidence before the jury tending to prove that there was a failure on the part of Wright to deliver

three of the hogs purchased, which the defendant, when on the stand as a witness in his own behalf, testified were worth forty-five dollars. There was also testimony before the jury tending to prove a failure on the part of Wright to deliver certain pigs, the litter of one of the sows purchased, as he had agreed to do, as a part of the said contract and for which defendant claimed damages. It was no doubt the intention of the court to tell the jury by the said instruction, that a *bona fide* assignment of said claim (after the delivery of a part of the hogs by Wright and their acceptance by the defendant) would carry to the assignee all of the rights which the assigner might then have, or might thereafter earn in the said claim, by the completion of the contract of delivery, and possibly the language used may bear this construction. But such is not its plain and obvious construction, nor that which as I think the jury would be most likely to place upon it. The chief contention on the part of the defendant was, that the contract for the delivery of hogs had never been completed, and there was evidence on both sides of that question, and the jury are told by the court that " it makes no difference that all the hogs had not been delivered at the time of the assignment to Ballard—the assignment is good notwithstanding, and conveyed to Ballard all the rights which Wright would have had when all the hogs should be delivered." The plain and obvious meaning of this language is it makes no difference whether Wright ever delivered the balance of the hogs or not, because Ballard had already acquired by virtue of the assignment all " the rights which Wright would have had when all the hogs should be delivered," and I think the jury must have so understood it. In that sense it took from the jury the consideration of the main question, which should have been fairly submitted to their consideration, to-wit, the amount lawfully due on the assigned contract, if anything, at the time of the commencement of the suit.

Thompson, in his work entitled "Charging the Jury," p. 97, Sec. 68 says, "To give to the jury an instruction in language which is capable of two interpretations—the one correct in point of law, and the other incorrect, is a misdirection for which the judgment will be reversed. Such an instruction is well classed among the instructions calculating to mislead the jury," citing *Belt v. Goode*, 31 Mo. R., 128. *Henry v. Davis*, 7 W. Va., 715. *Va. Central R. Co. V. Sanger*, 15 Gratt, 231.

I fail to see any ground of objection to the other instructions excepted to.

As to the first point made in the petition in error, that "the court erred in sustaining the objection of the plaintiff and in refusing to allow the defendant to testify whether he was indebted to Samuel M. Wright or not, on the 21st day of July, 1881," I do not think that there was error in such refusal. Plaintiff in error was allowed to testify as to facts, and it was to conclusions that the court refused to allow him to testify.

The above applies equally to the second and third points. The questions propounded to defendant when on the stand as a witness in his own behalf, and to which the objections of the plaintiff were sustained, called for conclusions and not for facts.

The points made against the depositions of plaintiff (4 and 5) can not be sustained. The ground of the objections seems to be that the witnesses did not disclose the grounds or source of their knowledge of the facts to which they deposed. The defendant was present by counsel at the taking of the depositions and made objections to the interrogatories excepted to as incompetent, irrelevant, and immaterial; but put no cross interrogatories to either of the witnesses. The eighth question put to the deponent, Elias Wilcox, and the first referred to in the petition in error, will serve as a sample:

"8. State if you know how much Frederick was to pay

Wright for these hogs. Same objection"—that is, incompetent, irrelevant, and immaterial. Now this testimony was neither incompetent, irrelevant, nor immaterial, but quite the contrary. The weight of the evidence would depend in a great degree upon the deponent's means of knowledge of the facts deposed to ; and this could be shown by cross-examination.

There was no error on the part of the court in refusing to allow the defendant to prove by his own testimony "that Wright came to defendant's place and demanded the money on July, 1883, two days after the alleged assignment, the same being in contradiction of the testimony of said Wright."

When Mr. Wright was on the stand as a witness for the plaintiff, and undergoing cross-examination by defendant's counsel, the following question was put to him :

Q. "Don't you know that on the 29th day of July, the day that this suit was commenced, that you went to Mr. Frederick for the money, claiming it as yours? "

To which the witness answered as follows:

A. " I don't know what day the case was commenced, but after I assigned it to Mr. Ballard I never asked Mr. Frederick or any body else for it."

It was quite irrelevant to the issue between plaintiff and defendant that this witness sought to collect this claim from defendant on a certain day, and defendant was only permitted under the rules of law to put the above question to him on cross-examination for the purpose of testing his truthfulness or the accuracy of his memory, that the jury might give his testimony as to the material facts testified to by him only such weight as it might be entitled to. But when for this purpose a party puts a question which is collateral to the issue, he is bound by the answer of the witness, and cannot call another witness to contradict him. See *George v. State, ante* p. 318. To permit this would tend to protract trials and multiply issues to an inadmissible extent.

Plaintiff in error also presents the point that the district court erred in refusing to set aside the verdict and grant him a new trial on account of newly discovered testimony. But the point cannot be considered for the reason that the affidavits upon which it depends are not contained in the bill of exceptions, and it is only referred to here for the purpose of once more calling the attention of the bar to the rules of law so often laid down by this court and other courts of error, that papers not being part of the record proper, can only be considered by this court when preserved in a bill of exceptions, and that affidavits, other than the verifications of pleadings, constitute no part of the record proper.

For error in the instruction first above considered the judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.