## MATTHEWS v. SIMMONS.

TRUST: *Conversion of infants' property: Statute of Limitations.*

M. purchased a tract of land, giving his notes for the purchase money, and receiving a bond for title. He died intestate before completing the payment for the land, leaving a widow and five infant heirs. While the heirs were still infants, the widow delivered the bond to the defendant in payment of a bill she owed him. The defendant completed the payment of the purchase notes, and procured a conveyance of the land to himself, and on the 12th of April, 1872, sold it for $200 more than he paid to obtain his deed. One of the heirs died afterwards unmarried and without issue, and the surviving heirs and widow brought this action to hold the defendant accountable as a trustee for the pro-

Matthews v. Simmons.

ceeds of the land.  *Held:*  First, That the transfer of the title bond which the widow attempted to make to the defendant, did not affect the rights of the infant heirs ; that the bond itself apprised him of their right and by intermeddling with the land he became a trustee for them.  Second, That as the defendant is not the trustee of an express trust but only a trustee by construction of law, he has the right to plead the statute of limitations.  Third, That whether the plaintiff's cause of action be regarded as an implied liability, not in writing, on the part of the defendant, to refund moneys received, or as the enforcement of a trust in land, two of the heirs who attained their majority more than three years before the commencement of the suit, are barred by limitation.  *Mansf. Dig., sec. 4478; Chandler v. Neighbors, 44 Ark., 479.*  That the widow, if she were otherwise entitled to recover, is also barred by limitation.  Fourth, That the defendant is liable to the two surviving heirs who are not barred for two-fifths of the profit on his sale of the land ; but they can recover nothing on the share of their deceased co-heir, for which the defendant is liable to his administrator, if to anybody.  [This action was commenced February 4, 1884. —Rep.]


APPEAL from *Lincoln* Circuit Court in Chancery.

J. A. WILLIAMS, Judge.


*D. H. Rousseau* for appellants.

Whether appellee got the bond for title by assignment from the widow or not, or whether he got under a contract to procure a deed or not from Williamson, or whether he got the deed by reason of having the bond in his possession, he is a trustee, and the measure of his responsibility is the same. By interfering or intermeddling with the property of these heirs, he made himself a trustee. *2 Story Eq. Jur., 1255; 2 Pom. Eq. Jur., 1053; 1 Story, 256, 64, 6th ed.; Hill on Trustees, par. 173, pp. 263-4; 6 Hare, 505; 1 Har. & Gill., 269; 1 Gill, 367; 8 Beav., 250; Rice Eq., 196.* And being a fiduciary he cannot plead the statute of limitations. *Perry on Trusts, 245; Hill on Trustees, 171.* See, also, *2 Mylne & Keene, 655.*

Where an agent takes the title in his own name, he holds it in trust for his principal. *3 Story, C. C., 289, 290; 30 Ga.,*

*96–7; 96 N. Y., 414, 425–6; 1 Russ. & M., 53; 11 Bligh., 397, 418, 419.* Any amount he may have advanced, equity will treat as a loan. *93 Mass., 15; 35 Cal., 481; 31 Miss., 426.*

Simmons will not be allowed, after paying only $54 balance due on the land to take the title to himself, and then sell for $1100, and withhold the entire amount from the rightful heirs, and then come into a court of equity and shield himself under the plea of innocent purchaser, condition broken, etc. *4 Abb. Dec., 144; 5 Gratt., 39; 22 Wis., 329; 27 Miss., 494; 56 Miss., 76; 49 id., 150; 4 Chy. App., 548; 2 Mylne & K., 819; 4 Mylne & C., 134; 3 Sum., 476; 33 Minn., 175; 3 Serg. & R., 434; 3 Sandf. Chy., 15; 46 Law J. Chy., 564.*

The statute of limitations of three years is not applicable to a trust of this character. *2 Perry Trusts, 863; Angell on Lim., 166–7; 7 Johns. Chy., 90; 6 Mason, 95.*

There is no evidence that Simmons ever paid the Cummings note outside of his own. Nothing is said of it in the Williamson bond for for a deed.

Two of the plaintiffs are certainly not barred by any statute, as one was not 21 and the other barely 21 when the suit was brought.

*J. M. Cunningham, J. W. Crawford* and *W. S. McCain* for appellee.

To establish a trust, on the ground of fraud, the allegations must be clear and direct and supported by positive proof. *Brown Stat. Frauds, 96; 5 Ga., 341; 6 id., 589; 1 John. Chy., 583; 1 Vernon, 366.*

This suit is for money and could only be brought by Matthews' administration. *Story Eq. Pl., 170.* An heir cannot sue in equity for the value of personal property of the ancestor, against one who converts it to his own use on the death of the

ancestor.  *16 Ark., 671; 15 id., 436; 18 id., 31; 18 id., 447; Mansf. Dig., sec. 68; 21 Ark., 62; 31 id., 571.*

Plaintiffs cannot recover for the interest of their deceased co-heir.  Simmons is liable, if to any one, to his administrator only.  *21 Ark., 165; 45 id., 299; 46 id., 266.*

This, if a trust at all, is a constructive trust, and the statute of limitations will run at least from the time Simmons sold the land.  *46 Ark., 34; Woodstien, 212, 213.*  Plaintiffs with two exceptions were of full age more than three years before suit.  *Wood on Lim., sec. 58, note 1; 9 Pick., 212.*  See, also, *46 Ark., 489; Mansf. Dig., sec. 4478.*  The statute can be pleaded in equity as well as at law.  *Ringo v. Woodruff, 43 Ark.; 92 U. S., 509; 47 Ark., 301.*  The doctrine is confined to express trusts, and has no application to resulting and constructive trusts.  *Perry on Trusts, sec. 865; 10 Peters, 177; 10 Wheat., 152; 52 Md., 713; 7 Sm. & M., 219; Lecoin on Trusts, 863; 21 N. J. Eq., 76; 18 Pa. St., 300; 18 B. Mon. (Ky.), 582; 7 id., 556; 5 Dana (Ky.), 199; 1 Hill (Lo. Cal.), 391; 3 Gratt. (Va.), 394; 7 Johns. Chy., 90.*

Even if it be a trust in land, plaintiffs are barred.  *44 Ark., 479.*

The claim is stale.  *41 Ark., 305; 17 Wal., 336; 94 U. S., 811; 18 Ark., 16.*

SMITH, J.  The object of this bill, filed by the widow and surviving heirs at law of John L. Matthews, is to hold Simmons accountable as a trustee for the proceeds of 120 acres of land sold by him, but of which they claim to have been the equitable owners.  The allegations are that John L. Matthews had purchased the land from one Smith Williamson of the State of Georgia in the year 1863 and held a bond conditioned to make title upon payment of the purchase money ; that the terms of the purchase are unknown to the plaintiffs, but they

charge that the price had been paid, with the exception of about fifty dollars, in the life time of the purchaser; that Matthews had died intestate in 1864, leaving a widow and five children; that one of these children had since died unmarried and without issue; that the widow had delivered the bond for title to Simmons for the purpose of procuring a deed to her husband's heirs, but he, in violation of the trust reposed in him, had taken a conveyance to himself and had afterwards sold and conveyed the land to innocent parties, the effect of which was to deprive the plaintiffs of all recourse to the land. And the prayer was for an account and judgment against Simmons for the amount he had realized on the sale, in excess of the fifty dollars advanced by him, to relieve the land from the incumbrance.

The answer consisted of six paragraphs, setting up the following defences:

1. Plea of purchase by the defendant from Williamson for a valuable consideration without notice of the plaintiffs' equities.

2 and 3. Denials of the death of Matthews.

4. Allegation that the sale to Matthews was conditional, time being of the essence of the contract and that Matthews had forfeited all of his rights under the contract by failure to pay promptly and Williamson had resold to the defendant.

5. Denial of the defendant's agency for Mrs. Matthews in procuring title or in any other matter.

6. The statute of limitations.

The bill was dismissed at the hearing.

The proofs are not as clear and cogent as is desirable in a case where a trust is to be fastened upon the conscience of a recusant defendant. The lapse of twenty years has removed some of the persons who were likely to know the truth, has dimmed the memory of witnesses and obscured the transac-

Matthews v. Simmons.

tions that are in controversy. We feel that the ground beneath us is not very solid. Nevertheless, the following state of facts may be regarded as fairly established :

The land belonged to Smith Williamson, who lived in the State of Georgia. His agent in this State was his father, T. J. Williamson. Matthews bought the land in 1863 agreeing to pay therefor $450, and receiving a bond for title. The purchase debt was divided into three payments; two of fifty dollars each and the remaining one of $350. Only one of these payments was made in the life time of Matthews. He was a citizen of Drew county, where the land lay, but is reported to have died in Pine Bluff in 1864 or 1865, away from home and family. No witness swore that he saw him die, or saw him after he was dead. But at all events he disappeared about that time and has not since been heard of. The presumption is he is dead.

Matthews had been let into possession under his purchase and had lived upon the land. Mrs. Matthews with her children continued to reside there for some time after his death, but finally removed to her mother's and the land was let to a tenant. The note for $350 had been negotiated to one Cummings; but Williamson still held a purchase note for fifty dollars. Payment of this last mentioned note was demanded and Mrs. Matthews was unable to pay. Despairing perhaps of her ability to complete the payment of the land after the death of her husband, it seems that she undertook to transfer the title bond to the defendant, in payment of medical bills which she and her mother owed him, amounting to sixty-one dollars. The defendant then got in the note outstanding in the hands of Cummings by purchase or payment. He says he paid the principal with three years interest. He then applied to T. J. Williamson for a deed. Williamson seems to have been disposed at first to contend for a forfeiture for non-compliance with the terms of the sale. But he finally signed an instru-

ment of writing, by which he obliged himself to procure from his principal a deed to Simmons for the land, upon the surrender by Simmons of the Matthews title-bond and the payment of the note for fifty dollars. The date of this instrument is January 10, 1867, and Simmons immediately took possession of the land. In due course of time he received his deed and afterwards sold the land for $600.

From this summary it will be seen that Simmons' plea of purchase for value without notice is not borne out by the testimony. Before he paid any money on account of the land, or received his conveyance, he had in his possession the bond for title, which apprised him of the rights of the plaintiffs in the premises. In fact it is apparent that the deed was made to him because he was supposed to be the assignee of the bond.

Now, so far as the heirs of Matthews are concerned, it is immaterial by what means the bond came to the hands of Simmons—whether it was intrusted to him for the purpose of getting a deed made to those heirs, or assigned by Mrs. Matthews in payment of a debt. The heirs were infants and their title could not be extinguished by any act of hers. By intermeddling with the land, Simmons became a trustee for them. *Graves v. Pinchback, 47 Ark., 470.*

Mrs. Matthews can recover nothing. Even if otherwise entitled, she is barred by limitation. The conversion of the property by Simmons took place as long ago as April 12, 1872; for that is the date of his deed to his vendee. Also, the surviving heirs cannot recover the share of their deceased co-heir, John Bascom Matthews, who died in December, 1872. Simmons is liable to his administrator, if to anybody. *Purcelly v. Carter, 45 Ark., 299; and cases there cited; George v. Elms, 46 id., 260.*

Of the four heirs who are plaintiffs, two are barred because they attained their majority more than three years before the commencement of this suit. This is equally so

whether the cause of action be regarded as an implied liability, not in writing, on the part of Simmons to refund the moneys received by him, or as the enforcement of a trust in land. *Mansf. Dig., sec. 4478; Chandler v. Neighbors, 44 Ark., 479.*

There can be no doubt of Simmons' right to plead the bar of time. He is not the trustee of an express trust, but only becomes a trustee by construction of law. *Perry on Trusts, sec. 865; Lewin on Trusts, p. 863.*

The defendant has received $200 more than he has paid out on account of the land. The decree is reversed and judgment will be entered here for eighty dollars, two-fifths of that amount with interest from the 12th of April, 1872.