### In re KETCHAM'S ESTATE.

#### (*Surrogate's Court, Kings County.* May 10, 1889.)

DEATH—PRESUMPTION FROM DISAPPEARANCE.

On November 15, 1876, decedent attempted to commit suicide by jumping from a ferry-boat, but was arrested. He offered the deck-hand who made the arrest $25 if he would allow him to jump overboard. The next day he disappeared, and was never heard of afterwards. *Held*, that he will be presumed to have died on or about the day of his disappearance.

On November 16, 1876, George W. Ketcham disappeared, and was never heard of afterwards. On the day before he attempted to commit suicide by jumping from a ferry-boat, but was arrested and locked up. He offered the deck-hand who made the arrest $25 if he would allow him to jump overboard. He was last seen in New York city, when he was released from arrest.

*James W. Covert*, for administrator. *A. W. Tenney*, for Leonard J. Burtis, claimant.

ABBOTT, S. The only material point to be decided in this application is, what was the date of death of the intestate? While the law raises a presumption of death after an absence of seven years, unheard of, yet it raises no presumption as to time of death. If it becomes important for a party to establish a precise time of death, he must do so by evidence, and cannot rely either upon the presumption of death or of the continuance of life. The time of death, whenever it is material, must be inferred from all the circumstances of the case. While the presumption does not attach to a lapse of time less than seven years, yet, after a lapse of seven years, should all the circumstances warrant it, the fact of death may be found from the lapse of a shorter period. The issuing of letters of administration upon the estate of a person is *prima facie* evidence of the person's death, as it will be presumed that the court issuing the letters did so upon competent proof of that fact. After examining the petition and all the testimony taken in the application for letters of administration in this matter, I have no doubt the intestate died on or about the 16th day of November, 1876, and I so hold.

Such being the case, he left him surviving, as his next of kin, entitled to share in his estate, his uncle, John H. Allen, and his three aunts, Cynthia McKee, Elizabeth Leek, and Sarah Burtis. The share of Sarah Burtis was vested at the time of her death, and is now payable to Leonard J. Burtis, her sole next of kin and administrator. Let decree be entered accordingly.