(43 App. Div. 453.)

JOHNSON · v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Division, Second Department.   October 3, 1899.)

INSURANCE—PROOF OF DEATH.

To prove assured was dead on a certain date, it was shown he wandered away from his barge, while drunk, ten days before, and was seen the next day by his brother-in-law, and said he was going to look for his boat, which had meanwhile been moved. The evening of the next day a co-employé saw him in the same neighborhood, still drunk. Two days later another co-employé saw him in the same region, and asked him where he was going, and he said he did not know, and said he would return to his employer "some time." Six months later, his body, decomposed beyond recognition, was found in the river. His wife was away, and he had made his home on his boat, rather than with his brother-in-law, where he received his mail. He had not reported to his brother-in-law nor to his employer. There was no evidence of suicidal intent. *Held*, that the evidence did not support a verdict that he was dead on the date stated.

Hatch and Woodward, JJ., dissenting.

Appeal from trial term, Kings county.

Action by Peter Johnson against the Pennsylvania Railroad Company. There was a judgment for plaintiff, rendered on a special verdict (55 N. Y. Supp. 1050), and from the judgment and an order directing the judgment defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles M. Hough (Leo Everett, on the brief), for appellant.
William S. Lewis, for respondent.

WILLARD BARTLETT, J.   The Pennsylvania Railroad Company maintains a voluntary relief department for the benefit of persons in its service.   In May, 1896, Sidney Johnson, a barge captain employed by the defendant, became a member of this department under a contract which entitled his wife to receive from the defendant the sum of $250 in the event of his death while still in the defendant's employ.   On November 18, 1896, about noon, being then somewhat intoxicated, he left his barge at a dock in Brooklyn, and never returned to it.   The next morning he was seen by his brother-in-law at the Hamilton ferry, and said he was going to look for his boat, which meantime had been taken to Harsimus Cove, in Jersey City.   A dock master in the service of the Pennsylvania Railroad Company testifies to having met him going down Hamilton avenue about 7 o'clock on the evening of the 20th, but this witness says he did not speak to him, because he was under the influence of liquor.   On the morning of November 22, 1896, a lighter watchman employed by the defendant saw Sidney Johnson at the Cortlandt street ferry in West street, New York.   "I spoke to him," says this witness.   "I asked him where he was going.   He answered me that he did not know. Then I asked him the reason he left his boat, and I also asked him why he did not go to the office, and tell the foreman or somebody else of his intention of leaving; and so he answered me that he would go to the office some time.   Then I asked him to come along with me,

and have some breakfast, which he refused to do.  *  *  *  Then
Sidney went away; went up Cortlandt street towards Broadway.
I went home to Brooklyn.    That is the last I ever saw Sidney John-
son." On November 28, 1896, the defendant caused to be mailed to
Sidney Johnson, at 660 Henry street, Brooklyn, where he had a room,
a written communication, notifying him that for his recent intoxica-
tion while on duty, and his continued absence from the barge without
permission, he had been discharged from the service of the Pennsyl-
vania Railroad Company.    This letter never reached him, and ap-
pears to have remained unopened until the return of his wife from
Europe in February or March, 1897.    Nothing had been heard of her
husband in the meantime; but in the following May a body was re-
covered from the North river, at Hoboken, so decomposed as to be
unrecognizable, but which was identified from the clothing as that of
Sidney Johnson.    His widow assigned her claim against the defend-
ant to her husband's brother, by whom the present action was
brought.    Upon the trial, the court left two questions to the jury:
(1) Whether Sidney Johnson was dead; and (2) whether he died be-
fore November 28, 1896.    The jury answered both questions in the
affirmative.    Upon these findings the learned trial judge directed
judgment for the plaintiff, holding that the employment of Sidney
Johnson by the Pennsylvania Railroad Company continued until the
sending of the communication dismissing him from its service on the
28th of November, 1896, and declaring it to be "settled by the special
verdict that the deceased died before November 28th, when the formal
letter of defendant to him, notifying him of his discharge, was
mailed."

I agree with the court below that the employment of Sidney John-
son did not terminate before November 28, 1896.    The difficulty
which I find in the case is to discover any evidence whatever to jus-
tify the jury in finding that he died before, rather than after, that
date.    The identification of the clothing found upon the corpse in
the river warranted the inference that the body was that of Sidney
Johnson, and therefore that Sidney Johnson was dead; but there
was nothing in the condition of this body on May 6, 1897, to enable
the jury to fix the time of death with reference to the 28th day of
the previous November.    Counsel for the respondent concedes that
the burden was on the plaintiff to show that his brother died while
in the employ of the defendant,—that is, in the view of the law
adopted by the trial judge, before November 28, 1896; but it seems
to me that he has not sustained this burden.    Sidney Johnson was
last seen alive, so far as we know, on November 22, 1896, four days
after he had left work on his barge without notice to his employers.
He manifested no intention at that time of immediately explaining
his absence or returning to his work.    Although he was in the habit
of receiving his mail at 660 Henry street, Brooklyn, where his broth-
er-in-law lived, he made his home on his boat, rather than there, and
there was nothing in his habits, necessities, or domestic relations
(his wife being in Europe at the time) to make it certain that, if
alive, he would have visited the Henry street house between the
22d and the 28th of November, 1896.    His failure to go there during

this period therefore raises no presumption of his death within those six days. Nor can any inference of death prior to the 28th legitimately be drawn from his omission to report for duty and offer some explanation of his abrupt abandonment of his barge on the 18th. We know that he was alive four days after he left work, and his mere absence from work six days longer in no wise tends to prove that he died before the sixth day. There is not the slightest evidence of any manifestation of suicidal intent. Upon the whole proof it seems probable that his death occurred by misadventure, not many days after the 22d of November, 1896, when the defendant's watchman met him in New York, and conversed with him as already narrated; but, in my opinion, the finding of the jury that he died before the 28th is the merest guesswork, without a scintilla of evidence to warrant it. The most that can fairly be said upon this record is that he may have died before that date; and far greater certainty than that is needed to uphold the verdict.

On account of this defect in the plaintiff's proof, I feel compelled to vote for a reversal of the judgment.

GOODRICH, P. J., and CULLEN, J., concur.

HATCH, J. (dissenting). I concur in the opinion written by Mr. Justice BARTLETT in this case in so far as it supports the recovery which has been had. I dissent from that part of the opinion which holds that there is no evidence from which the jury could infer that death occurred prior to the 28th day of November. The proof is that deceased left the boat on the 18th of November. He was seen after that date three times by three different persons, on the 19th, 20th, and 22d days of November, and was not seen thereafter. It is clear, therefore, that while he was alive he remained in the locality where he and these persons with whom he was employed or with whom he associated frequented. Thus, in a period of four days, he was seen by three different persons, at different times, in a locality where he usually worked, or where those who worked with him ordinarily traversed. Then he vanished, and was seen by no one, so far as the record speaks. His body was found on the New Jersey side of the river, where was moored the boat upon which he was employed at that time. He did not visit Henry street during the period between the 18th and 28th, although he was in the habit of going there. If he had remained alive long after the 22d, when he was last seen, it is strongly probable that he would have been seen by those with whom he associated. It does not appear that he was in the habit of visiting places outside of the locality of his employment, and when last seen alive he expressed his intention of going to the office of the company, but never did so. These circumstances and his habits of life are, in my opinion, sufficient to authorize an inference that he died between the 22d and the 28th days of November, for within this period, if alive, it is fair to assume that he would have been seen as he was seen prior thereto. The authorities seem to support this view. In re Ketcham's Estate (Sur.) 5 N. Y. Supp. 566; Tisdale v. Insurance Co., 26 Iowa, 170;

Hickmann v. Upsall, 4 Ch. Div. 148. Where a person is usually about a given locality, and he expresses no intimation of leaving the same, but, on the contrarv. expresses an intimation of remaining in it, and is frequently seen therein upon successive days, then suddenly disappears, and his dead body is thereafter found in that locality, I think it a fair presumption that he died about the time of the disappearance, and that a jury becomes authorized to fix the time of the death. I therefore vote for the affirmance of this judgment.

WOODWARD, J., concurs.

Judgment reversed, and new trial granted; costs to abide the event.