Matter of the Judicial Settlement of the Account of WILLIAM
    B. DAVENPORT, Public Administrator of the County of
    Kings, as Administrator of the Goods, Chattels, and Credits
    which were of JOHN HERR, Deceased.

*(Surrogate's Court, Kings County, March, 1902.)*

EVIDENCE—PRESUMPTION OF DEATH WHERE ABSENCE IS UNEXPLAINED.
    Where a public administrator presents his accounts as adminis-
    trator of a deceased person who disappeared in 1873 in a manner unex-
    plained there is no presumption that he died until seven years after
    his disappearance and therefore the representatives of a married sis-
    ter, who died in 1876 without issue and whose husband subsequently
    died, can take no interest in the estate of the person who disappeared
    as against a sole surviving brother and next of kin.

Proceedings upon the judicial settlement of the account of
the public administrator of the county of Kings.

Frederick H. Chase, for William B. Davenport, Public
Administrator.

Nicholas Dietz, Jr., for George Herr.

CHURCH, S.—The public administrator, as administrator of
John Herr, presents his account for judicial settlement; he was
appointed on proof showing that the deceased was absent from
his domicile for a period of twenty-five years, without any inti-
mation as to his whereabouts during said period, the court hold-
ing that these facts warranted the presumption of his death.

The deceased had never married; his only next of kin, at the
time he disappeared, in 1873, was a brother, George Herr, and
a sister, Dora Hatling.

The sister died, in October, 1876, leaving no children, but a
husband, who subsequently died.

The question which now arises is whether John Herr died
before or after his sister, Dora Hatling, as, if he died before
then, Dora Hatling's representatives are entitled to share in his
estate; while, if he died subsequent, then his brother, George

Herr, is entitled to the whole estate. As there is no proof on the matter whatever, is there any presumption as to the time of death?

In the cases where death is presumed from absence there are many times circumstances which warrant the court in fixing the period of death. A frequent illustration of this is where the party who has disappeared has gone on a sea voyage, and the vessel has never been heard from.

In the following cases such facts existed: Matter of Ketcham's Estate, 5 N. Y. Supp. 566; Matter of Ackerman, 2 Redf. 521; Sheldon v. Ferris, 45 Barb. 124; Oppenheim v. Wolf, 3 Sandf. Ch. 571; Gerry v. Post, 13 How. Pr. 118; Merritt v. Thompson, 1 Hilt. 550; King v. Paddock, 18 Johns. 141; McCartee v. Camel, 1 Barb. Ch. 455.

The principle of these cases, of course, does not apply where, as in the case at bar, there is no evidence except the unexplained absence of the deceased.

In Eagle v. Emmet, 4 Bradf. 117, the question of the presumption of the time of death was discussed at great length, the final conclusion being as follows: "if no sufficient facts are shown from which to draw a reasonable inference that death occurred before the lapse of seven years, the person will be accounted in all legal proceedings, as having lived during that period."

The Eagle case has been followed in Seligman v. Sonneborn, 1 How. Pr. (N. S.), and Matter of Sullivan, 51 Hun, 379.

It seems to me that the decision of the Eagle case is correct, as, if the court is not warranted in presuming death in the case of mere absence, until seven years have elapsed, for the purpose of issuing letters, how can the court on the same facts, when letters are issued, presume death at an earlier period?

I, therefore, decide that the presumption is that John Herr did not die until seven years after he disappeared, and that, therefore, his sister, Dora Hatling, died before him.

In deciding this case I wish to particularly commend counsel for the respective parties for the very excellent briefs which they have submitted. I think the habits of study and care which these young men have exhibited will bring its sure return in success in their career.

Decreed accordingly.

---

## NOTE ON PRESUMPTION OF DEATH.

### GENERAL RULE.

Not necessary that any specific period should elapse, in order to lay the foundation for a presumption of death, but such presumption may arise wherever the facts produced in the case warrant it. Merritt v. Thompson, 1 Hilt. (N. Y.) 550.

Where a woman sixty-seven years old, and infirm in her mind, disappeared from her house near a river on a stormy night, and although every effort was made for several months to ascertain if she was living, nothing could be learned; and according to medical testimony she could not in all human probability have survived under the most favorable circumstances, for the period that had elapsed since her diseappearance, held that her death will be presumed. Eagle's case, 3 Abb. Pr. 218.

Considering the great length and breadth of this country, and the migratory character of the people, the presumption has less force than in the country where the law on this subject originated. Smith v. Smith, 49 Ala. 156.

A failure to claim bank deposits, and being otherwise unheard from for over twenty years will raise a presumption of death. Bank v. Trustees, 83 Ky. 219.

Where neither the vessel in which a person went to sea forty years previously, nor the person himself, has been heard from since, this will warrant an inference that the person is dead. Bowditch v. Jordan, 131 Mass. 321.

Where passenger on ocean-steamer was last seen about ten p. m. when steamer was in mid-ocean, and was never seen or heard of afterwards, although the next morning diligent search was made, this held to be sufficient to raise a very strong presumption of his death, and a jury was justified in so holding. Traveller's v. Rosch, 23 Ohio Cir. Ct. 491.

The fact that an absentee is treated as a non-resident in proceedings to sell real property within the twenty years during which he has been absent and unheard from, held not to affect the presumption of his death which arises from such absence. Ferrell v. Grigsby, 51 S. W. (Tenn.) 114.

## LENGTH OF ABSENCE.

When a person sailed from New York for South America, and neither he nor his vessel were ever heard of afterwards, a finding after twelve years that he is dead, is held to be warranted. King v. Paddock, 18 Johnson, 141.

There is no arbitrary rule as to the length of the continued absence which will raise a presumption of the absentee's death. Czech v. Bean, 35 Misc. 733.

The fact that a person was reported to have died in 1864 or 1865, away from home and family, and was never since heard of, held sufficient to raise a presumption that he was dead in 1887. Matthews v. Simmons, 49 Ark. 468, 5 S. W. 797.

Where a person sailed on a vessel bound for a foreign port and about five days thereafter there was a violent storm at sea, and neither the vessel nor any person on board thereof had been heard from since, and a period of more than ten years had elapsed, the legal presumption of the death of such person was held to be fully established. Learned v. Corley, 43 Miss. 687.

Where a man sixty-three years old, in easy pecuniary circumstances married seventeen years, having an attractive home and family and important business interests, disappeared without notice of his intentions, and an extensive search and the offer of a large reward failed to reveal any trace of him, held that a jury might find a presumption of death after five years. Cox v. Ellsworth, 18 Neb. 664.

A mere lapse of twenty-four years without proof of inquiry or other circumstances, held to be sufficient to raise a presumption of death. Innis v. Campbell, 1 Rawle (Pa.) 373.

Where a person has gone to sea and has not been heard of for thirty-eight years, except for a rumor about twenty years previous to finding, a legal presumption of his death is properly raised. Holmes v. Johnson, 42 Pa. St. 159.

Where vessel sailed about time of a violent storm, in the track of which she was travelling, and no tidings were heard of her for three years, the death of those on board might properly be presumed. Gibbes v. Vincent, 11 Rich. (S. C.) 323.

A presumption of death has been held to arise after the lapse of the following periods of time, without the absentee being heard from:

Seven-year rule. 40 Misc. 549, 18 Johns. 346.

Eight years. Sheldon v. Ferris, 45 Barb. 124.

Nine years. Gill v. DeWitt, 7 Ky. L. Rep. 605; Burleigh v. Mullen, 95 Maine, 423.

Ten years. Learned v. Corley, 43 Miss. 687.

Eleven years. Baden v. McKenny, 7 Mackey (D. C.) 268.

Twelve years. King v. Paddock, 18 Johns. 141.

Fourteen years. Karstens v. Karstens, 20 Misc. 247; Matter of Barr, 38 Misc. 355.

Fifteen years. Baugh v. Boles, 66 Ind. 376.

Sixteen years. Osborne v. Allen, 26 N. J. L. 388.

Seventeen years with dissenting opinion. Garwood v. Hastings, 38 Cal. 216.

Twenty years. Louisville Bank v. Public School Trustees, 83 Ky. 219; Jamison v. Smith, 35 La. Ann. 609; Chapman v. Kimball, 83 Maine, 389; Bailey v. Bailey, 36 Mich. 181; Taylor v. Reisch, 49 S. W. 782; Ferrell v. Grigsby, 51 S. W. (Tenn.) 114.

Twenty-four years. Innis v. Campbell, 1 Rawle (Pa.) 373.

Twenty-five years. Shown v. McMackin, 9 Lea (Tenn.) 601.

Thirty-eight years. Holmes v. Johns. 42 Pa. State, 159.

Forty years. Bowditch v. Jordan, 131 Mass. 321.

Fifty years. Doe v. Houston, 6 Stockley, Del. 447.

## NECESSITY OF ATTEMPTS TO LOCATE.

Where a beneficiary under a will in 1852 at the age of sixteen shipped at New Bedford on a whaler, left his ship in New Zealand in 1855, and was never heard from thereafter, and it did not appear that during all the time he was on the ship, he ever communicated with his family, or that such relations existed between him and his family as would induce him to correspond with them or give them information as to his whereabouts, or that he expected an inheritance as the child of the deceased cousin of a rich testator, of whose existence he was not shown to have known, and where it was not shown that his family had made any actual effort to ascertain whether he was dead or alive until 1886, which was after the death of the testator, when inquiries were made, which, however, were not directed to New Zealand, held that it was proper to refuse to distribute his share upon the mere presumption that he had died without issue, in the absence of more satisfactory proof of diligent inquiry at the proper place as to that fact. Dunn v. Travis, 56 App. Div. 317.

An absence of twenty years, held not sufficient to raise the presumption of death where it was not shown that any attempt had been made, either by correspondence or newspaper advertisements in the State where the absentee was believed to have gone, to ascertain whether or not he ever resided there, and if so, whether he was living or dead. Ulrich's Estate, 14 Phila. (Pa.) 243.

## PERSONS WHO MUST LACK TIDINGS.

Those who would naturally hear from the absentee are such persons as were nearly related to him, or upon relations of friendship with him, and remained at or near the place where he last resided. Thomas v. Thomas, 16 Neb. 563.

The failure of strangers to hear from a person in any number of years or the fact that his present whereabouts may not be known to one of his acquaintances in a place where he formerly resided, who is not shown to have made any inquiries about him, held not to establish the fact of his absence for seven years successively as required by the Texas Statute, and the presumption of death is therefore not authorized. State v. Tulon, 41 Tex. 249.

## HOW PRESUMPTION REBUTTED.

The presumption of death is conclusive in the absence of proof in rebuttal. Wilcox v. Trenton, 64 N. J. Eq. 173.

There should be something more than similarity of names to overcome the presumption of death raised by the statute and therefore proof that person having the name of the absentee was alive within seven years is not sufficient to overcome such presumption. Hoyt v. Newbold, 45 N. J. L. 219.

## TO WHOM PRESUMPTION OF DEATH APPLIES.

Code Civ. Pro. 841, providing that a person upon whose life an estate in real property depends, who remains without the United States and absents himself for seven years together, is presumed to be dead, in an action concerning the property, relates only to a case where the right to possession of real property depends on the life of a third person, and does not apply to a person who is the owner of the property. Matter of Bd. of Education, 173 N. Y. 321. See also Peo. ex rel. Miller, 124 N. Y. 500.

## TIME OF DEATH.

Where a passenger on a vessel which was never heard from subsequent to the time of sailing, is sought to be declared dead, it is held that such death must be deemed to have occurred within the longest usual duration of the voyage from the port from which the departure was made to that of the ship's intended destination. Gerry v. Post, 13 How. Pr. 118.

Where a person sixty-six years old, having been accustomed to call frequently and regularly upon an executor from whom he received an annuity upon which he was dependent for support, left his home in May, without indicating any intention to be absent therefrom, and was never heard from afterwards, and his physician testified that at the time of his disappearance he was suffering from an incurable disease, under which he could not have survived more than three months, held, that the facts were sufficient to raise a presumption of his death during the fall of the same year. Matter of Ackerman, 2 Redf. Surr. 521.

Where the circumstances attending the disappearance render suicide probable, a presumption that death occurred at about the time of the

disappearance, is warranted, when the absentee had frequently declared his intention to commit suicide. Sheldon v. Ferris, 45 Barb. 124.

. Where the absentee had been arrested while attempting to commit suicide by jumping from a ferry boat, and had offered the person, who arrested him a sum of money to be allowed to jump overboard, and disappeared the next day and was never heard from afterward, a presumption was warranted that death occurred at about the time of his disappearance. In re Ketcham, 5 N. Y. Suppl. 566.

Where an inebriate who by frequent and protracted periods of intoxication, had brought on serious organic diseases, which, according to the testimony of his physician, he could not possibly survive for more than a year, finally disappeared from his home and was not heard from for seventeen years, although in various proceedings respecting his property numerous publications of notices and process were made, it would be presumed that he died within four years. Cambreleng v. Purton, 12 N. Y. Suppl. 741.

Where a son of an affectionate disposition, and warmly attached to his family, being in the habit of writing them frequently when away from him, was sick with consumption when last heard from, six years prior to the death of his father, a presumption of his death prior to that of his father would be raised. Leach v. Hall, 95 Iowa, 611.

Where a person of steady habits, attentive to his business, having a fixed and permanent residence and pleasant domestic relations, suddenly disappears, such circumstances may properly warrant a jury in finding his death at the time. Hancock v. American Life, 62 Mo. 26.

## WHEN NO PRESUMPTION ARISES.

Where a woman 18 years old, illiterate, having vicious propensities, and abandoned by her parents when quite young, escapes from an orphan asylum in which she is confined, held that no presumption of death arises from the fact that she has failed to answer advertisements inserted in various papers, and that for more than 7 years since such escape all trace of her whereabouts has been lost. In re Miller, 9 N. Y. Suppl. 639.

Where a wife has moved out of the community where she and her husband have lived, the fact that she has not heard from him for over seven years, held to be insufficient to sustain a presumption of his death, but it must be shown that he had not been heard from by his friends and relatives who remained at or near his last known place of residence. Thomas v. Thomas, 16 Neb. 553.

Absence for seven years, held not alone sufficient to raise the presumption of death, but it must also be made to appear that the person has not been heard from during that period. Brown v. Jewett, 18 N. H. 230.